IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:09-cr-00073-TLW-1 |
| v. | **Order** |
| Phillip James Williams | |

Defendant has filed a motion in which he asserts that his sentence should be reduced pursuant to Amendment 780 to the sentencing guidelines. He is not entitled to a further sentence reduction.

Defendant pled guilty to a drug conspiracy charge and a 924(c) gun charge. On February 14, 2011, he was sentenced to 150 months on the drug charge and 60 months consecutive on the gun charge.[1]

On August 14, 2013, Defendant was resentenced pursuant to the Fair Sentencing Act. In his case, the Act reduced the statutory penalty range, but did not affect his guideline range, and the Court imposed the same sentence of 150 months on the drug charge and 60 months consecutive on the gun charge.

On September 24, 2015, pursuant to Amendment 782 to the sentencing guidelines, the Court reduced Defendant's sentence to 138 months on the drug charge and 60 months consecutive on the gun charge. This reduction was calculated as follows:

---

[1] He was held accountable for 2,018.9 grams of crack and 793.8 grams of cocaine for sentencing purposes. He received a six-level obstruction enhancement, a three-level acceptance of responsibility reduction, and a four-level substantial assistance reduction. He was in a criminal history category of III.

1

| | | |
|---|---|---|
| Base Offense Level: | 32 | |
| Obstruction Enhancement: | +6 | |
| Acceptance of Resp.: | -3 | |
| <u>Substantial Assistance:</u> | <u>-4</u>[2] | |
| Adjusted Offense Level: | 31 | CHC:  III |

Guideline Range:        135–168 months (plus 60 months consecutive on the 924(c))

As noted above, Defendant was sentenced to 138 months on the drug charge, which was at the low end of the 135- to 168-month range, plus 60 months consecutive on the gun charge. This reduction and sentence took into account all applicable guideline amendments. To the extent he seeks a further reduction, the Court concludes that this is no merit to his request and his motion for sentence reduction, ECF No. 1450, is therefore **DENIED**.

**IT IS SO ORDERED.**

<i>s/ Terry L. Wooten</i>
Terry L. Wooten
Chief United States District Judge

February 29, 2016
Columbia, South Carolina

---

[2] Defendant's apparent confusion about his sentence may be that he believes he received two separate four-level substantial assistance reductions, one at his initial sentencing and an additional one at his FSA resentencing. *See* ECF No. 1450 at 4. That is incorrect. He received a four-level reduction at his original sentencing, and the Court concluded that he was entitled to the same reduction, not an additional reduction, at his FSA resentencing.

2