IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Crim. No. 4:09-cr-00073-TLW-1 |
| v. | **Order** |
| Phillip James Williams | |

Defendant pled guilty to a drug conspiracy charge and a § 924(c) charge. On February 14, 2011, he was sentenced to 150 months on the drug charge and 60 months consecutive on the § 924(c) charge.[1]

On August 14, 2013, Defendant was resentenced pursuant to the Fair Sentencing Act. In his case, the Act reduced the statutory penalty range, but did not affect his guideline range, and the Court imposed the same sentence of 150 months on the drug charge and 60 months consecutive on the § 924(c) charge.

On September 24, 2015, pursuant to Amendment 782 to the sentencing guidelines, the Court reduced Defendant's sentence to 138 months on the drug charge and 60 months consecutive on the § 924(c) charge.

Defendant now seeks to further reduce his sentence, this time based on *Dean v. United States*, 137 S. Ct. 1170 (2017). He is not entitled to an additional reduction. *Dean* merely stands for the proposition that, when a defendant is facing sentencing on a § 924(c) count and another count, the sentencing judge has the authority to sentence a defendant to one day on the other count,

---

[1] He was held accountable for 2,018.9 grams of crack and 793.8 grams of cocaine for sentencing purposes. He received a six-level obstruction enhancement, a three-level acceptance of responsibility reduction, and a four-level substantial assistance reduction. He was in a criminal history category of III.

as long as the mandatory sentence under § 924(c) is run consecutively to the sentence on that other count, regardless of its length.  Of course, that does not mean that a sentencing judge is required to do impose a one-day sentence on the other count; it simply means that the judge has the authority to do so.

Here, the Court concluded that a sentence of 138 months on the drug charge (which was slightly above the bottom of the guideline range) and 60 months consecutive on the § 924(c) charge was appropriate pursuant to the relevant sentencing factors.  *Dean* does not change that analysis.  Accordingly, Defendant's motion to reduce his sentence, ECF No. 1585, is **DENIED**.

**IT IS SO ORDERED.**

*s/ Terry L. Wooten*
Terry L. Wooten
Chief United States District Judge

March 19, 2018
Columbia, South Carolina