UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Phillip James Williams | Case No. 4:09-cr-00073-TLW-1<br><br>**Order** |

This matter is before the Court on Defendant's motions to compel the Government to file a motion pursuant to Rule 35(b) in his case. ECF Nos. 1702, 1705. In his motions, he asserts that he is entitled to a reduction for assistance he provided in the prosecution of numerous individuals. The Government filed a response in opposition, asserting that he has not provided unrewarded substantial assistance, particularly because the Government no longer views him as a credible witness due to his lack of truthfulness regarding information provided to the case agent and his false testimony at a state court trial. ECF No. 1707.

Rule 35(b) provides that a court may reduce a sentence to reflect substantial assistance by the defendant upon a motion by the Government. It is settled in the Fourth Circuit that a court may grant a downward departure in the absence of a Government motion only if (1) the Government has obligated itself in a plea agreement to move for a departure; or (2) the Government's refusal to move for a departure is based on an unconstitutional motive. *See United States v. Wallace*, 22 F.3d 84, 87 (4th Cir. 1994) (citing *Wade v. United States*, 504 U.S. 181, 185–86 (1992)). A defendant seeking relief under the first factor bears the burden of proving the breach of a plea obligation by a preponderance of the evidence according to normal

1

contract principles. *See United States v. Martin*, 25 F.3d 211, 217 (4th Cir. 1994); *United States v. Conner*, 930 F.2d 1073, 1076 (4th Cir. 1991). A defendant seeking relief under either factor is not entitled to an evidentiary hearing on the basis of mere allegations; he must go beyond mere allegations and make a "substantial threshold showing" that the Government was obligated or that an unconstitutional motive was involved before an evidentiary hearing and consideration on the merits are warranted. *See United States v. Taylor*, No. 97-5002, 1999 WL 30928, at *3 (4th Cir. Jan. 26, 1999) (requiring a substantial threshold showing on the first factor); *Wallace*, 22 F.3d at 87 (requiring a substantial threshold showing on the second factor).

In this case, the Court concludes that there is no appropriate basis to reduce Defendant's sentence. Specifically, the Government has not made a Rule 35(b) motion and he has not presented evidence that it obligated itself to file such a motion. Additionally, the Court concludes that he has not made a substantial threshold showing of an unconstitutional motive as required to obtain relief under *Wallace*. In sum, he has provided no basis to compel a reduction of his sentence under Rule 35(b). Accordingly, his motions to compel, ECF Nos. 1702, 1705, are **DENIED**.

**IT IS SO ORDERED**.

    *s/ Terry L. Wooten*
    Terry L. Wooten
    Senior United States District Judge

October 29, 2021
Columbia, South Carolina